■   GEORGE E. MILLER, Respondent v. NATALE TALLARINO et al., Appellants.— Judgment unanimously modified on the law and facts, without costs by adding to the last sentence of the first decretal paragraph thereof the words "upon which plaintiff's premises abut to the center line thereof", by deleting from the fourth decretal paragraph thereof the words, "by adverse possession" and by adding to the next to last decretal paragraph thereof the words "except that Adeline Tallarino is declared to be the owner in fee of that portion of Ardmore Street which adjoins her lots 49 and 50, subject to such rights of easement as other lot owners may have." Certain findings of fact disapproved and reversed and new findings made. Memorandum: In this action to determine title under article 15 of the Real Property Actions and Proceedings Law, the judgment correctly decrees that plaintiff's title extends to the center of the streets on which his lots abut. It erroneously decrees, however, that plaintiff also owns portions of the streets which are not adjacent to his lots, but adjoin lands of other lot owners who are not parties to the action. While appellant, Adeline Tallarino, whose lots abut a city street, acquired no easement to use the undeveloped streets of the subdivision (*Matter of City of New York* [*E. 117th St.*] 239 N. Y. 119, 130, 131; *Hecht* v. *Launer,* 30 Misc 2d 47, 53, 54, affd. on opinion below 14 A D 2d 964) she does own that part of Ardmore Street which lies between her lots number 49 and 50 subject to such rights of easement as other lots owners may possess. (Appeal from judgment of Oneida Trial Term in action to determine title to real property.)   Present — Bastow, P. J., Williams, Goldman, Del Vecchio and Henry, JJ.

■   THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL WILLIAMS, Appellant v. J. EDWIN LA VALLEE, as Warden of Auburn Prison, Respondent.— Order unanimously affirmed. Memorandum: The indictment herein, being in long form, is defective insofar as it charges murder, first degree, because omitted therefrom is the essential allegation that the act was done with a deliberate and premeditated design to effect death (Penal Law, § 1044, subd. 1) or that the act was done in a manner to bring the crime within the provisions of subdivision 2 of the same section. Being in long form, the defect could not be corrected by amendment or the deficiency supplied by a bill of particulars or ignored (*People* v. *Ercole,* 308 N. Y. 425). Nevertheless the defect was not fatal. The misnomer in describing the offense as in the first instead of in the second degree is of no moment if the specific allegations of fact are sufficient as they are here to describe the ingredients of murder in the second degree to which crime appellant plead guilty. (*People* v. *Oliver,* 3 N Y 2d 684.) Lastly, we agree with the conclusion of County Court that the issue may not be raised by way of habeas corpus. "The sufficiency of an indictment must be raised before judgment (e. g. *People* v. *Parker,* 8 A D 2d 863) unless the defect complained of would strip the court of jurisdiction, and such is clearly not the case here." (*People ex rel. Wysokowski* v. *Conboy,* 19 A D 2d 663, 664, mot. for lv. to app. den. 13 N Y 2d 597.) (Appeal from order of Cayuga County Court dismissing writ of habeas corpus, following a hearing.) Present — Bastow, P. J., Williams, Del Vecchio, Marsh and Witmer, JJ.