■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM S. KENNEDY, Appellant.—Mercure, J. Appeals (1) from a judgment of the County Court of Broome County (Coutant, J.), rendered January 17, 1986, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court (Monserrate, J.), entered December 21, 1987, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On September 24, 1984, after traveling to the Village of Johnson City, Broome County, from Virginia, defendant and an accomplice forcibly entered the home of George and Jennie Kolba, tied Jennie Kolba to a chair, pistol-whipped and strangled George Kolba and stole money. Defendant fled, returning to Virginia. George Kolba died at the scene from the injuries inflicted upon him. Defendant was charged, *inter alia,* with two counts of robbery in the first degree, burglary in the first degree, conspiracy in the fourth degree and murder in the second degree. After a jury was selected but before proof commenced, defendant entered a plea of guilty to murder in the second degree in satisfaction of all charges. Defendant was sentenced to an indeterminate prison term of 25 years to life. These appeals ensued.

Initially, defendant contends that his plea and conviction should be vacated because County Court did not adequately address what he now claims to have been a viable defense of duress. Before defendant's plea was accepted, the following colloquy occurred:

"THE COURT: All right. There has been some mention on the record this morning and in chambers a while back that there may be some question as to the presence of duress by Mr. Cardman. As I understand it, the gist of it is that he threatened your life or serious bodily injury if you did not participate in these crimes. And Mr. Smith indicates to me that he's fully discussed with you the nature of the affirmative defense of duress, is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you understand that if, of course, you waive your right to trial, you also waive your right to raise that as a possible defense?

"THE DEFENDANT: Yes, sir."

The general rule is that "where the defendant's assertions * * * raise the possibility of a defense, the trial court is obligated to conduct further inquiry" to ascertain whether defendant, in pleading guilty, has knowingly waived this potential defense *(People v Quiles,* 72 AD2d 610; *see, People v Braman,* 136 AD2d 382, 384; *People v Jiminez,* 73 AD2d 533; *People v Cintron,* 72 AD2d 568; *People v Corrado,* 65 AD2d 760). We reject defendant's argument that County Court's admonition was superficial and its inquiry meaningless. In our view, County Court's inquiry was sufficient to establish that defendant knowingly waived this defense *(see, People v Serrano,* 15 NY2d 304; *People v Corrado, supra).*

We find equally untenable defendant's contention that his plea should be vacated because he was not expressly informed during the plea allocution that he had a right to call witnesses on his own behalf. The key issue is whether defendant knowingly, voluntarily and intelligently relinquished his rights upon his guilty plea. There is no requirement for a "uniform mandatory catechism of pleading defendants" *(People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067), nor is there a requirement "mandating the Trial Judge's ritualistic recitation of the rights waived upon a guilty plea" *(People v Harris,* 61 NY2d 9, 19). What is required is that the trial court make sure that the defendant fully understand what the plea connotes and the consequences thereof *(Boykin v Alabama,* 395 US 238, 243-244). It is clear that the "standard * * * remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" *(North Carolina v Alford,* 400 US 25, 31).

The record establishes that defendant knowingly, voluntarily and intelligently waived the trial itself, his opportunity to have the People's witnesses questioned, his right to testify and raise any potential defenses. Moreover, the absence of a specific promise as to sentence, coupled with the ultimate imposition of the maximum permissible period of imprisonment, provides no basis for vacating the plea. Defendant made an informed choice that his chances for a lesser sentence were enhanced by a guilty plea rather than by proceeding to trial in the face of overwhelming evidence. Last, the plea allocution concluded with a chilling rendition by defendant of his participation in the burglary, robbery and conspiracy which resulted in the death of George Kolba. Defendant's plea was voluntarily made with a clear understanding of the consequences.

Finally, defendant urges that the sentence he received was unduly harsh and excessive and should be reduced. We disagree. The sentence imposed is within the limits of County Court's discretion and is neither harsh nor excessive in this factual setting. Here, where there has been neither a clear abuse of discretion nor extraordinary circumstances, we should not substitute our discretion for that of County Court *(see, People v Harris,* 57 AD2d 663).

Judgment and order affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.