■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAVIS, SR., Appellant.—Judgment unanimously reversed on the law, plea vacated and matter remitted to Cayuga County Court for further proceedings on the superior court information. Memorandum: Defendant pleaded guilty to criminal sale of a controlled substance in the third degree.

During the plea colloquy, he told the court that in supplying the cocaine to the undercover officer he acted merely as a go-between for the accommodation of the buyer. The court asked defendant's attorney whether he had evaluated all of the defenses that might be available in the case, including the theory of agency and entrapment, and whether he was convinced that they did not apply. When defense counsel answered that he had evaluated those defenses and that they did not apply, the court accepted the plea.

Where the defendant's recitation of the facts of the underlying crime pleaded to clearly casts doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea, the Court of Appeals has held that the trial court has a duty to inquire further whether the plea is knowing and voluntary. When the court fails in that duty, the defendant may challenge the sufficiency of the allocution on appeal even though he did not move to set aside the plea *(People v Lopez,* 71 NY2d 662, 665-666). Here, defendant's recitation of the facts clearly suggests that he was not guilty of criminal sale of a controlled substance because he was acting as an agent for the buyer. Although the court made perfunctory inquiries of counsel, it failed in its duty to ascertain from defendant whether his plea was knowingly and voluntarily made. The court failed to inform defendant that, if what he said was true, he was not guilty of the crime charged and to ask him whether, under those circumstances, he still wished to plead guilty.

The error was not cured upon sentencing when the court gave defendant an opportunity to withdraw his plea. The court never clearly informed defendant that his recitation of the facts might afford him an agency defense. The record contains some indication that at sentencing defendant may have made further statements contradicting the defense of agency, but the record indicates that those statements were not recorded because they were "unintelligible." (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.