■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. LA VOIE, Appellant. [757 NYS2d 616] —Kane, J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered August 27, 1998, convicting defendant upon his plea of guilty of four counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to four counts of criminal sale of a controlled substance in the third degree in satisfaction of all charged and uncharged crimes relating to a 24-count indictment and in exchange for a sentence of four concurrent prison terms of 8 to 16 years. Two subsequent defense attorneys moved to vacate the plea prior to sentencing. After denying these motions, County Court sentenced defendant in accordance with the plea bargain.

During the plea colloquy, when asked whether he sold drugs to an undercover officer, defendant stated, "Most was set up through another guy. He called me up, told me that his friend wanted this stuff. I went and got it for him basically. * * * I never made no profit from it." These statements raised the possibility of an agency defense.

If the agency defense applied here, defendant would not have been culpable in the sale of controlled substances (*see People v Feldman*, 50 NY2d 500, 503 [1980]). Agency is not an affirmative defense, but rather "may negate the existence of an essential element of the crime—the 'sale' " (*People v Roche*, 45 NY2d 78, 86 [1978], *cert denied* 439 US 958 [1978]). Where the colloquy fails to establish all the elements of the crime, casts significant doubt on the defendant's guilt, or raises the possibility of a defense which may negate an essential element, the court is put on notice of such situation and must take steps to ensure a valid plea (*see People v Kemp*, 288 AD2d 635, 636 [2001]; *People v Munck*, 278 AD2d 662, 663 [2000]). Where facts implicating the agency defense are raised, a court may

not accept the plea without first conducting further inquiry to assure that the defendant is aware of the possible defense and decides to plead despite its existence, thus assuring that the waiver of the defense is intelligent and voluntary (*see People v Mosher*, 222 AD2d 1034, 1035 [1995]; *People v Davis*, 176 AD2d 1236, 1237 [1991]; *see also People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Ocasio*, 265 AD2d 675, 677 [1999]).

Here, defendant's statements during the plea colloquy indicated a possible agency defense. County Court erred in accepting his plea without inquiring further to determine defendant's awareness of that defense and whether he chose to plead guilty anyway. Given the fact that the plea must be vacated on this ground, we decline to address the remaining issues.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, guilty plea vacated, and matter remitted to the County Court of Fulton County for further proceedings not inconsistent with this Court's decision.