THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY J. ADAMS, Appellant. (Appeal No. 1.) [789 NYS2d 580]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 23, 2002. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from insofar as it convicts defendant of murder in the second degree be and the same hereby is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Orleans County Court for further proceedings on count one of the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him as a juvenile offender upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]) and reckless endangerment in the first degree (§ 120.25). By the order in appeal No. 2, however, County Court granted defendant's motion pursuant to CPL article 440 in part by vacating the conviction of reckless endangerment on the ground that defendant, who was 13 years old at the time of the crimes, could not be held legally responsible for the crime of reckless endangerment. We conclude in appeal No. 1 that the judgment, insofar as it convicts defendant of murder in the second degree, must be reversed. We dismiss defendant's appeal from the order in appeal No. 2 because defendant contends therein that the court should have granted his CPL article 440 motion in its entirety, and thus the appeal from the order in appeal No. 2 is moot in view of our determination in appeal No. 1.

With respect to appeal No. 1, we agree with defendant that the plea must be vacated because it was not knowingly, voluntarily, and intelligently entered. Defendant made statements to the police admitting that he shot and killed his father, who had abused defendant, defendant's brothers, and defendant's mother. Those statements to the police, as well as statements made by defendant during the plea colloquy, raised an issue with respect to the possible defense of extreme emotional disturbance. We are unable to discern from the record before us whether defendant was aware of that defense and waived it (cf. People v Peralta, 231 AD2d 958 [1996], lv denied 90 NY2d 909 [1997]). We thus conclude that the court erred in accepting the

plea "without first conducting further inquiry to assure that the defendant [was] aware of the possible defense and decide[d] to plead [guilty] despite its existence" (*People v La Voie*, 304 AD2d 857, 858 [2003]). We therefore reverse the judgment in appeal No. 1 insofar as it convicts defendant of murder in the second degree, vacate the plea, and remit the matter to County Court for further proceedings on count one of the indictment. Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.