■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENNY J. WOLCOTT, Also Known as PENNY LAUREY, Appellant. [796 NYS2d 725]—Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 2, 2002, convicting defendant upon her plea of guilty of the crime of perjury in the first degree, and convicting defendant following a nonjury trial of the crime of robbery in the third degree.

Defendant drove the getaway car in connection with her husband's gunpoint robbery of a convenience store clerk. Thereafter, defendant gave false sworn testimony at her husband's criminal trial. She was subsequently charged in an indictment with robbery in the second degree and two counts of perjury in the first degree. As part of a plea agreement, defendant pleaded guilty to one count of perjury in the first degree in satisfaction of both perjury counts, waived her right to a jury trial and agreed to a bench trial on stipulated facts regarding the robbery count with consideration of the lesser included offense of robbery in the third degree, and waived her right to appeal. After an extensive colloquy and submission of the stipulated facts, County Court accepted defendant's plea to perjury, found her

guilty of robbery in the third degree, and sentenced her in accordance with the plea agreement to time served and concurrent five-year periods of probation. Defendant now appeals.

Defense counsel seeks to be relieved of his assignment of representing defendant on appeal on the ground that there are no nonfrivolous issues to be raised. Our review of the record and defense counsel's brief reveals the existence of various issues that are " 'arguable on their merits (and therefore not frivolous)' " (*People v Stokes*, 95 NY2d 633, 636 [2001], quoting *Anders v California*, 386 US 738, 744 [1967]). For example, during the plea colloquy, defendant made statements which revealed possible defenses of intoxication by drugs and related lack of intent regarding the robbery, as well as duress regarding all the charges in the indictment. County Court did not inquire further regarding these defenses or establish that defendant was specifically aware of, and willing to waive, these defenses before pleading guilty or stipulating to facts for a nonjury trial. It is also unclear whether the waiver of appeal applies only to the plea, or also to the trial on stipulated facts. Inasmuch as these issues cannot be characterized as wholly frivolous, new counsel should be assigned to address any issues that the record may disclose (*see People v Stokes, supra*; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Mercure, J.P., Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.