▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CAPRA, Appellant. [798 NYS2d 791]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 12, 2004, which resentenced defendant following his conviction of the crime of criminal possession of a weapon in the third degree.

Defendant was charged in a two-count indictment relating to his purported armed robbery of a pet store in the Town of Colonie, Albany County. Defendant subsequently agreed to plead guilty to the crime of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1]), under count two, in full satisfaction of the indictment. County Court accepted defendant's plea and later sentenced him to the agreed-upon sentence of seven years in prison. Upon the realization that the crime to which defendant pleaded was not a violent felony (*see* Penal Law § 70.02 [1] [c]), defendant was resentenced to a prison term of 3½ to 7 years (*compare* Penal Law § 70.06 [3] [d]; [4] [b], *with* Penal Law § 70.06 [6] [c]).

Defendant now contends that, inasmuch as he was charged with and pleaded guilty to a misdemeanor crime, County Court erred in sentencing him as if he had been convicted of a class D felony. We disagree. Count two of the indictment explicitly charged defendant with the class D felony of "criminal possession of a weapon in the third degree." Although the count referenced the statutory provision applicable to the misdemeanor offense of criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01) and tracked the language thereof, this seeming inconsistency does not inexorably lead us to conclude that a misdemeanor was charged in this instance.

Criminal possession of a weapon in the fourth degree, as articulated in Penal Law § 265.01 (2), is a lesser included offense of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (1), and the latter crime differs from the former only insofar as it contains an additional aggravating element, the perpetrator's prior conviction of any crime. Notably, in alleging a third degree possessory offense under the facts presented here, the People were statutorily precluded from making reference in the indictment to defendant's prior conviction as an element of the crime charged (see CPL 200.60 [1]). We thus view the reference to a violation of Penal Law § 265.01 (2) in count two as an improvised, although inartful, attempt at describing the crime charged without reference to the existence of defendant's previous conviction.

Of even greater significance is the parties' understanding of the plea arrangement. At the time of defendant's plea, County Court repeatedly made reference to the crime as "criminal possession of a weapon in the third degree" and frequently reiterated that the sentence contemplated was in excess of one year. Moreover, defendant himself unequivocally expressed his understanding that he was pleading guilty to a felony. Although defendant failed to specifically admit during his allocution that he had been previously convicted of a crime,* defendant made no statements during the plea colloquy which called into question defendant's actual guilt or raised a possible meritorious defense (see People v Seeber, 4 NY3d 780, 781-782 [2005]; compare People v La Voie, 304 AD2d 857, 857-858 [2003]). In fact, defendant did not at any time contest the fact that he was a second felony offender when afforded such an opportunity by County Court. Accordingly, inasmuch as defendant knowingly pleaded guilty to a felony, defendant's reliance on Matter of Kisloff v Covington (73 NY2d 445 [1989]) is misplaced and County Court did not err in imposing the sentence which defendant ultimately received.

Crew III, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* To the extent that defendant's claim may be construed as a challenge to the sufficiency of his plea allocution, we deem such claim unpreserved by reason of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (see generally People v Lopez, 71 NY2d 662 [1988]).