■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENNY J. WOLCOTT, Also Known as PENNY LAUREY, Appellant. [809 NYS2d 676]—

Kane, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 2, 2002, convicting defendant (1) upon her plea of guilty of the crime of

perjury in the first degree, and (2) following a nonjury trial of the crime of robbery in the third degree.

Defendant drove the getaway car when her boyfriend, now her husband, robbed a convenience store. She subsequently gave false sworn testimony at his criminal trial. Based on these facts, the People obtained an indictment charging defendant with robbery in the second degree and two counts of perjury in the first degree. Pursuant to a plea agreement, defendant pleaded guilty to one count of perjury in the first degree in satisfaction of both perjury counts. She also waived her right to a jury trial and consented to a stipulated set of facts regarding the robbery count, resulting in County Court's finding that defendant was guilty of the lesser included offense of robbery in the third degree. Following sentencing, defendant appealed. We previously rejected an *Anders* brief and assigned new counsel (19 AD3d 741 [2005]).

Because the record fails to establish that defendant's plea was knowingly entered, we reverse the judgment of conviction and vacate her plea. Where the colloquy raises a possible defense, "the court is put on notice of such situation and must take steps to ensure a valid plea" by making "further inquiry to assure that the defendant is aware of the possible defense and decides to plead despite its existence, thus assuring that the waiver of the defense is intelligent and voluntary" (*People v La Voie*, 304 AD2d 857, 857-858 [2003]). Such circumstances bring the case within the rare exception to the preservation rule permitting a defendant to challenge the sufficiency of the plea allocution without making a motion to withdraw the guilty plea or vacate the conviction (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Ocasio*, 265 AD2d 675, 676 [1999]).

During the plea colloquy here, defendant stated that she lied under oath because she was scared of her husband, he beat her in the past and he threatened to kill her. These comments implicated duress, an affirmative defense (*see* Penal Law § 40.00). County Court did not make any further inquiry or advise defendant of the possible duress defense that she raised in the colloquy. The court erred in accepting defendant's guilty plea without conducting a further inquiry to determine defendant's awareness of this possible defense to the perjury charge and whether she desired to knowingly waive the defense and proceed pursuant to the plea agreement (*see People v Adams*, 15 AD3d 987, 987-988 [2005], *lv denied* 4 NY3d 851 [2005]; *People v La Voie, supra* at 857-858; *compare People v Kennedy*, 141 AD2d 975, 976 [1988], *lv denied* 72 NY2d 1046 [1988]). Because this was an integrated plea agreement, the convictions

of both charges must be reversed even though defendant knowingly waived her right to a jury trial and entered into a trial on stipulated facts regarding the robbery charge.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.