■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ORTEGA, Appellant. [861 NYS2d 174]—

Mercure, J.P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered October 25, 2004, convicting defendant upon his plea of guilty of the crimes of course of sexual conduct against a child in the first degree and bail jumping in the second degree.

In May 2003, defendant was charged in a two-count indictment with course of sexual conduct against a child in the first degree and endangering the welfare of a child, arising out of his alleged sexual conduct with the daughter of his girlfriend. After he failed to appear for his arraignment, a second indictment was returned, charging him with bail jumping in the second degree. Defendant ultimately pleaded guilty to course of sexual conduct against a child in the first degree and bail jumping in the second degree, in full satisfaction of the indictments. He was sentenced to an aggregate prison term of 10 years, with five years of postrelease supervision. Defendant now appeals, and we reverse.

Defendant contends that his plea was not voluntarily, knowingly or intelligently entered. Generally, such a contention must be preserved by a motion to withdraw the plea or vacate the conviction (*see People v Ellis*, 46 AD3d 934, 935 [2007], *lv denied* 10 NY3d 764 [2008]; *People v Lopez*, 40 AD3d 1276, 1276 [2007]). An exception to the preservation rule is triggered, however, when the plea allocution raises a possible defense to

the crime and County Court fails to conduct a further inquiry to ensure that defendant is aware of the defense and that the plea is knowing and voluntary (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Wolcott*, 27 AD3d 774, 775 [2006]).

As relevant here, a person is guilty of course of sexual conduct against a child in the first degree, when, over a period of time of at least three months, "he or she engages in two or more acts of sexual conduct . . . with a child less than eleven years old" (Penal Law § 130.75 [1] [a]). During the plea allocution, defendant admitted to such conduct during the time frame between October 25, 1995 and October 25, 1998, as charged in the indictment. Penal Law § 130.75 was not effective until August 1, 1996, however, and applies only to conduct after that date (*see* L 1996, ch 122, § 7). Inasmuch as defendant did not allocute to two or more acts of sexual conduct against the victim *subsequent to August 1, 1996*—i.e., his allocution raises the possibility that the acts in question may have occurred prior to the effective date of the statute—we find that his statements raised a possible defense. County Court's subsequent acceptance of the plea without inquiring further whether defendant was aware of the defense and validly waived it was insufficient "to ensure that defendant's guilty plea [was] knowing and voluntary" (*People v Lopez*, 71 NY2d at 666). Thus, reversal is required (*see People v Wagoner*, 30 AD3d 629, 629-630 [2006]; *People v Wolcott*, 27 AD3d at 775).

Finally, even assuming that defendant knowingly pleaded guilty to bail jumping in the second degree, this was an integrated plea and, therefore, both convictions must be reversed (*see People v Wolcott*, 27 AD3d at 775-776; *People v Puckett*, 270 AD2d 364, 365 [2000]). Defendant's remaining contention is unpreserved.

Rose, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.