■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVON G. CARROLL, Appellant. [877 NYS2d 759]—

Rose, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered June 4, 2008 in Clinton County, convicting defendant upon his plea of guilty of the crimes of assault in the first degree and criminal contempt in the second degree.

Defendant was charged by indictment with assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree. The charges arose from an incident in June 2007 during which defendant argued with the father of defendant's former girlfriend and then struck him in the head, fracturing his skull and severely impairing his hearing in one ear. On October 19, 2007, Family Court issued an order of protection directing that, among other things, defendant was to have no telephone contact with his former girlfriend's mother. Defendant allegedly violated this order on November 6, 2007, resulting in a charge of criminal contempt in the second degree (*see* Penal Law § 215.50 [3]). Defendant later pleaded guilty to the charges of assault in the first degree and criminal contempt in the second degree, waived his right to appeal and was sentenced to concurrent prison terms of one year and eight years, respectively, with five years of postrelease supervision.

Defendant now appeals, contending that his guilty plea was not voluntary. Even though he waived the right to appeal and did not move to withdraw the plea or vacate the judgment of conviction, defendant's challenge is preserved for our review because he made statements during the allocution that negated a material element of the crime of criminal contempt in the second degree (*see People v Lopez*, 71 NY2d 662, 666 [1988];

*People v Parara*, 46 AD3d 936, 937 [2007]; *People v Pace*, 284 AD2d 806, 807 [2001], *lv denied* 97 NY2d 686 [2001]). When Supreme Court asked if he understood what he was pleading to, defendant reminded the court that he had gone to Florida after being released on bail on the initial charges and then stated: "I'm saying I didn't understand that I wasn't suppose to have any contact with anyone. I was not served with any papers as far as that goes." This response raised questions as to whether defendant had been aware of the Family Court order and its prohibitions and, thus, whether he had the requisite intent when he attempted to speak with his former girlfriend's mother. Supreme Court questioned the meaning of defendant's response, but then changed the subject and proceeded without any further inquiry about his knowledge of the Family Court order or his intent when he violated it. Absent such an inquiry, Supreme Court erred in accepting defendant's plea (*see People v Zabele*, 53 AD3d 685, 686 [2008]; *People v Ramirez*, 45 AD3d 1108, 1108 [2007]; *People v Pagan*, 36 AD3d 1163, 1165 [2007]).

Finally, while it appears that defendant knowingly pleaded guilty to assault in the first degree, this was an integrated plea and, therefore, both convictions must be reversed (*see People v Ortega*, 53 AD3d 696, 697 [2008]; *People v Wolcott*, 27 AD3d 774, 775-776 [2006]). In light of this determination, defendant's remaining argument that his counsel was ineffective is academic.

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.