THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE RHODES, Appellant. [878 NYS2d 773]—

Appeal by the defendant from a judgment of the County

Court, Nassau County (Peck, J.), rendered April 9, 2008, convicting her of criminal possession of a controlled substance in the fourth degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Nassau County, for further proceedings on the indictment.

The defendant allegedly participated in a drug sale in Hempstead on March 7, 2007, and she was arrested later that month. The felony complaint, and the laboratory report, indicated that the weight of the drugs was one two hundredth (0.005) of an ounce. Subsequently, the defendant was charged, by indictment, with criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (*see* Penal Law § 220.16 [1]), and criminal possession of a controlled substance in the seventh degree (*see* Penal Law § 220.03). In January 2008, the defendant agreed to plead guilty to criminal sale of a controlled substance in the fourth degree, a class C felony (*see* Penal Law § 220.34 [1]), in full satisfaction of the indictment. During the allocution, however, the defendant, who was not asked if defense counsel had explained possible defenses to her, gave an account of the crime that raised the possibility of an agency defense (*see People v Lam Lek Chong,* 45 NY2d 64, 74 [1978], *cert denied* 439 US 935 [1978]; *People v Sierra,* 45 NY2d 56, 58-59 [1978]). Although the court did not explain the import of this account to the defendant, or ask defense counsel to explain it, the court proposed that the plea be taken instead to criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), also a class C felony. The remaining terms of the plea were to be unchanged. The prosecutor and defense counsel agreed to the change, but no one noted or explained to the defendant that the substituted charge contained as an element that the weight of the drugs be at least one eighth of an ounce.

Before sentencing, the defendant moved to withdraw her plea, arguing that agency would be a defense to the counts charging criminal sale of a controlled substance and criminal possession of a controlled substance in the third degree (*see People v Lam Lek Chong,* 45 NY2d at 74; *People v Sierra,* 45 NY2d at 58-59) and that the substituted charge was refuted by the laboratory report. The court denied the motion.

To be valid, a plea of guilty must be knowing, voluntary, and intelligent (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]), and it is the "constitutional duty" of a trial court to ensure that a guilty plea satisfy this requirement (*People v Catu,* 4 NY3d

242, 244 [2005]). Here, despite the allocution that clearly implicated an agency defense, the defendant was not advised that she had a possible defense to the felony charges in the indictment and the charge to which she originally agreed to plead guilty (see People v Ortega, 53 AD3d 696, 696-697 [2008]; People v Wolcott, 27 AD3d 774, 775 [2006]). Further, the court never asked the defendant whether she had discussed possible defenses with her attorney (cf. People v Phillips, 28 AD3d 939, 940 [2006]). Thus, there is no indication that the defendant was made aware of that possible defense and affirmatively waived it (see People v Castro, 175 AD2d 953 [1991]). Instead, the court, in effect, precluded that defense to the felony charges in the indictment and the charge to which the defendant pleaded guilty by substituting a different crime for which agency could not be a defense. Moreover, the substituted crime was one which was affirmatively refuted by the record and which could not have been submitted to a jury in this case. All of this was done without any explanation to the defendant by the court or defense counsel. Under the circumstances, the defendant's plea of guilty was not knowing, voluntary, and intelligent, and the court should have granted the defendant's timely motion to withdraw her plea. Fisher, J.P., Miller, Chambers and Austin, JJ., concur.