[945 NYS2d 313]

The People of the State of New York, Respondent, v Yuris
Rodriguez, Appellant.

First Department, June 7, 2012

### APPEARANCES OF COUNSEL

*Steven Banks, The Legal Aid Society*, New York City (*Jonathan Garelick* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Frank Glaser* of counsel), for respondent.

### OPINION OF THE COURT

FRIEDMAN, J.P.

On this appeal from a conviction based on a guilty plea, defendant raises two legal arguments. His first argument, which has merit, is that it was improper for the court to amend the indictment, after judgment had been rendered, in the absence of both defendant himself and his attorney, and apparently without

giving him notice (*see* CPL 200.70 [1] [an amendment of the indictment requires "notice to the defendant and opportunity to be heard"]). The second argument is that his conviction on one count of the original indictment should be vacated on the ground that it failed to designate the offense charged (burglary in the second degree as a sexually motivated felony [*see* Penal Law § 140.25 [2]; § 130.91]) in the manner provided by CPL 200.50 (4). This argument is unavailing. The relevant count of the indictment, while to some extent inartfully drafted, gave defendant sufficient notice of the charge against him and of the incident on which it was based, and alleged all the elements of the crime, either expressly or by specific reference to a penal statute (*see People v D'Angelo*, 98 NY2d 733, 735 [2002]). Given that any defect in the instrument—such as the misnomer of the offense—was merely technical, not jurisdictional, defendant waived his objection thereto by entering his plea of guilty (*see People v Iannone*, 45 NY2d 589, 600-601 [1978]).

On June 2, 2007, defendant, a doorman at a Manhattan apartment building, entered an apartment in which a woman was sleeping and masturbated in her presence. The woman awoke and recognized defendant as he left the apartment, leading to his arrest and the return of a two-count indictment. The first count (as to which, in its original form, no issue has been raised) charged defendant with "the crime of BURGLARY IN THE SECOND DEGREE, in violation of Penal Law § 140.25 (2)."[1] The second count—which is the main focus of this appeal—charged him with "the crime of SEXUALLY MOTIVATED FELONY, in violation of Penal Law § 130.91 (1)."[2] The second count provides in full as follows:

"AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendant of the crime of SEXUALLY MOTIVATED FELONY, in violation of Penal Law § 130.91 (1), committed as follows:

"The defendant, in the County of New York, on or

---

**1.** Penal Law § 140.25 provides in pertinent part: "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when: . . . 2. The building is a dwelling."

**2.** Penal Law § 130.91 (1) provides: "A person commits a sexually motivated felony when he or she commits a specified offense for the purpose, in whole or substantial part, of his or her own direct sexual gratification." Subsection (2) of the statute defines the term "specified offense" to include burglary in the second degree.

about June 2, 2007, did commit a specified offense, that being Burglary in the Second Degree as defined in Penal Law § 140.25 (2), for the purpose, in whole or substantial part, of his own direct sexual gratification."

On June 12, 2008, defendant pleaded guilty to both counts of the indictment, and on July 15, 2008, the court sentenced him, as promised, to a concurrent term of five years' imprisonment on each count, to be followed by 10 years of postrelease supervision (PRS). At no point during the proceedings, through the rendering of judgment, did defendant raise any objection to the second count of the indictment.

On August 1, 2008, in the presence of an assistant district attorney, but in the absence of both defendant and his attorney, the court, on the record, added this case to the calendar. The court then proceeded, apparently at its own instance, to amend the indictment and the commitment sheet by hand to change the first count of the indictment to burglary in the second degree as a sexually motivated felony and to eliminate the second count. The court gave the following explanation for its action:

"The case is added to today's calendar because Count 2, sexual[ly] motivated felony, is not a separate crime. We have to amend the indictment, and we have to amend the plea and the sentence commitment count [sic].

"Count 1 is the count. Count 1 should be burglary in the second degree as [a] sexual[ly] motivated felony under Penal Law [§] 140.25 (2) and [130.91 (1)]. The plea to Count 1 stands as amended, and sentence is the same as I just indicated but it's only on that one count."

It appears that, after defendant's sentencing, it came to the court's attention that the second count of the indictment technically misnamed the crime charged. As the court belatedly realized, the offense should have been identified as "burglary in the second degree as a sexually motivated felony" rather than simply as "sexually motivated felony." In this regard, CPL 200.50 (4) provides that the indictment in a prosecution under Penal Law § 130.91 should designate the offense being charged as "the specified offense, as defined in sub[section] two of section 130.91 [here, burglary in the second degree] . . . , followed by the phrase 'as a sexually motivated felony[.]' "

■ There is no question that the court's sua sponte and post-judgment amendment of the indictment, plea and commitment sheet was improper. Under CPL 200.70 (1), defendant was entitled to "notice . . . and opportunity to be heard" before any amendment of the indictment. Here, however, the indictment was amended in the absence of both defendant and his counsel, and there is no indication in the record that defendant was given notice of the proceeding. Accordingly, we vacate the amendment, thereby reinstating the conviction on the original indictment for consideration on this appeal.[3]

With respect to the conviction based on his guilty plea to the original indictment, defendant raises no issue concerning the first count, burglary in the second degree.[4] He argues, however, that the conviction on the second count of the indictment (denominated "sexually motivated felony") should be vacated on the ground that it "fail[s] . . . to charge or state an offense," a defect that cannot be remedied by amendment (CPL 200.70 [2] [a]). In this regard, defendant points to the indictment's failure to conform to CPL 200.50 (4), which, as previously noted, provides that the indictment in a prosecution under Penal Law § 130.91 should designate the charged offense as "the specified offense . . . followed by the phrase 'as a sexually motived felony[.]' " If granted, the relief defendant requests would leave him convicted of only second-degree burglary, not second-degree burglary as a sexually motivated felony, thereby reducing the maximum period of PRS to five years (the court imposed 10) and eliminating his designation as a sex offender. This argument is unavailing.

■ As is evident from his express disclaimer of any challenge to the conviction for second-degree burglary, defendant raises

---

**3.** Although the point need not be addressed on this appeal, we note also that CPL 200.70 (1) expressly authorizes the amendment of an indictment "[a]t any time before or during trial," but says nothing about the permissibility of such an amendment after judgment has been rendered.

**4.** Defendant's appellate brief expressly disclaims any challenge to the second-degree burglary conviction. Specifically, his brief states:

"As noted, the judgment of conviction on the count of burglary in the second degree is not affected by the defect in the second count of the indictment or the court's unauthorized attempt to amend the indictment. Accordingly, the relief requested on this appeal has no effect on the five year determinate sentence imposed on the burglary count or the five year period of [PRS] applicable to that count."

no issue concerning the validity of his plea or the sufficiency of his allocution. His sole argument for disturbing the conviction on the second count of the indictment is that the second count somehow "fail[ed] . . . to charge or state an offense" (CPL 200.70 [2] [a]), which, if true, would constitute a jurisdictional defect not waived by the guilty plea and not curable by amendment. There is no question, however, that the second count of the indictment is jurisdictionally sufficient. In *People v D'Angelo* (98 NY2d at 734-735), the Court of Appeals explained:

> "An indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime—for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged (*People v Iannone*, 45 NY2d 589, 600 [1978]). *The incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime* (*People v Ray*, 71 NY2d 849, 850 [1988]; *People v Motley*, 69 NY2d 870, 872 [1987]; *People v Cohen*, 52 NY2d 584, 586 [1981])" (emphasis added).

Here, the second count of the indictment charges that defendant, "in the County of New York, on or about June 2, 2007, did commit a specified offense, *that being Burglary in the Second Degree as defined in Penal Law § 140.25 (2)*, for the purpose, in whole or substantial part, of his own direct sexual gratification" (emphasis added). The reference to Penal Law § 140.25 (2) "operates without more to constitute allegations of all the elements of [that] crime" (*D'Angelo*, 98 NY2d at 735). The element of a sexual motive for the commission of the specified offense is expressly alleged. Thus, the count accuses defendant of having committed all the elements of a particular crime, on a particular date, in a particular county. To the extent that defendant might have objected to the count on the ground that it sets forth insufficient factual particulars to give fair notice, he waived any such nonjurisdictional objection by failing to make a timely motion to dismiss on that ground and then waived it again by pleading guilty (*see Iannone*, 45 NY2d at 600-601; *see also People v Motley*, 69 NY2d 870, 871-872 [1987]; *People v Cohen*, 52 NY2d 584, 587 [1981]; *People v Martinez*, 52 AD3d 68, 70 [2008], *lv denied* 11 NY3d 791 [2008]).

■ Defendant contends that the second count of the indictment should be dismissed because its preamble identifies the

charged offense as "the crime of SEXUALLY MOTIVATED FELONY," rather than as a particular specified offense committed "as a sexually motivated felony," in the manner provided by CPL 200.50 (4). This argument has no merit. It is well established that a misnomer in the designation of the crime charged does not render an indictment jurisdictionally defective. Rather, the jurisdictional sufficiency of the indictment is determined by reference to its underlying factual allegations, and the failure to set forth a correct "recital of the name of the crime . . . [is] an irregularity which was waived by the defendant when he pleaded guilty" (*People v Jacoby*, 304 NY 33, 40 [1952], *cert denied* 344 US 864 [1952]; *see also People v Randall*, 9 NY2d 413, 422-423 [1961]; *People v Oliver*, 3 NY2d 684 [1958]; *People ex rel. Williams v La Vallee*, 30 AD2d 1034 [1968]; *People v Shannon*, 127 Misc 2d 1073, 1077-1078 [1985], *affd* 127 AD2d 863 [1987], *lv denied* 69 NY2d 1009 [1987]; *People v Resnick*, 21 NYS2d 483, 485-486 [1940]).

As this Court stated more than 100 years ago:

> "[I]t is of no moment if the *name* of the crime be incorrectly stated in the accusatory clause of the indictment if the specific allegations of fact are sufficient, for the latter in such case control the character of the crimes presented by the indictment. It is the acts charged which constitute the crime" (*People v Miller*, 143 App Div 251, 256 [1911], *affd* 202 NY 618 [1911] [citation omitted]).

Similarly, in a decision issued in the same year as *Miller*, the Second Department stated:

> "[M]ere misnomer in the charging clause would not require the reversal of a conviction for the offense actually described. If the indictment were defective so far as the name in the charging clause is concerned, if the facts stated therein constituted a crime under [another] section, this defect was waived by a failure to demur" (*People v Valentine*, 147 App Div 31, 34 [1911], *affd* 205 NY 556 [1912] [citation omitted]).

In view of the foregoing, upon vacating the improper postjudgment amendment of the indictment, there is no reason to disturb the conviction based on defendant's plea of guilty to the second count of the indictment. To reiterate, that count sufficiently charged defendant with second-degree burglary as a sexually motivated felony, and is not affected by any jurisdic-

tional defect. The conviction on the first count of the indictment, however, is for a lesser included offense (second-degree burglary) of the offense charged by the second count. For that reason, the reinstated original judgment must be modified to vacate the conviction on the first count (*see People v Judware*, 75 AD3d 841, 845 [2010], *lv denied* 15 NY3d 853 [2010]).

Finally, we perceive no reason to reduce the period of PRS that was imposed.

Accordingly, the judgment of Supreme Court, New York County (Charles H. Solomon, J.), rendered July 15, 2008, convicting defendant, upon his plea of guilty, of burglary in the second degree (first count) and burglary in the second degree as a sexually motivated felony (second count), and sentencing him to a concurrent term of five years on each count and 10 years of postrelease supervision, as amended August 1, 2008, convicting defendant of one count of burglary in the second degree as a sexually motivated felony, and sentencing him to a term of five years and 10 years of postrelease supervision, should be modified, on the law, to vacate the amended judgment and reinstate the original judgment and, upon reinstatement, the original judgment should be modified, on the law, to vacate the conviction for burglary in the second degree (first count), and otherwise affirmed.

Sweeny, Acosta, Renwick and Abdus-Salaam, JJ., concur with Friedman, J.P.

Judgment, Supreme Court, New York County, rendered July 15, 2008, modified, on the law, to vacate the amended judgment and reinstate the original judgment and, upon reinstatement, the original judgment modified, on the law, to vacate the conviction for burglary in the second degree (first count), and otherwise affirmed.

Motion for leave to file a pro se supplemental brief denied.