# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**311**

**KA 10-00521**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LANCE R. BISHOP, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

LANCE R. BISHOP, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 4, 2009. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). Although the defendant's contention that his plea was not knowing, intelligent, or voluntary survives his waiver of the right to appeal, defendant failed to preserve his contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Watkins*, 77 AD3d 1403, 1403, *lv denied* 15 NY3d 956). Furthermore, "[n]othing in the plea allocution raised the possibility that [a justification defense was] applicable in this case, and defendant's contention therefore does not fall within the narrow exception to the preservation rule" (*People v Hart*, 114 AD3d 1273, ___; *cf. People v Ponder*, 34 AD3d 1314, 1315; *see generally People v Lopez*, 71 NY2d 662, 666).

Defendant's challenge to the alleged amendment to the indictment is similarly unavailing. Although the indictment was amended at the beginning of the plea proceeding to reflect the charge to which defendant ultimately pleaded guilty under the agreement, we conclude that County Court's reference to an incorrect Penal Law provision, while referring to the crime of manslaughter in the first degree by name, was akin to a mere "misnomer in the designation of the crime charged," which does not create a jurisdictional defect (*People v Rodriguez*, 97 AD3d 246, 252, *lv denied* 19 NY3d 1028). Thus,

defendant's uncontested waiver of the right to appeal precludes his challenge to the court's failure to recite the applicable provision (*see People v Cullen*, 62 AD3d 1155, 1157, *lv denied* 13 NY3d 795) and, in any event, the court's misstatement " '[is] an irregularity' " that does not survive defendant's plea of guilty (*Rodriguez*, 97 AD3d at 252; *see People v Judd*, 111 AD3d 1421, 1422; *see generally People v Iannone*, 45 NY2d 589, 600-601).

The ineffective assistance of counsel claims contained in defendant's pro se supplemental brief do not survive his plea and waiver of the right to appeal, because defense counsel's allegedly poor performance did not infect the plea bargaining process (*see People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912; *see also People v Hodge*, 85 AD3d 1680, 1681, *lv denied* 18 NY3d 883; *People v Kearns*, 50 AD3d 1514, 1515, *lv denied* 11 NY3d 790). Furthermore, to the extent that many of his contentions involve matters outside the record on appeal, we note that they must be raised by way of a motion pursuant to CPL 440.10 (*see People v Russell*, 83 AD3d 1463, 1465, *lv denied* 17 NY3d 800).

We have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none requires modification or reversal of the judgment.

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court