Clark, J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 11, 2013, convicting defendant upon his plea of guilty of the crime of robbery in the first degree (two counts).
Pursuant to an agreement, defendant pleaded guilty to two counts of robbery in the first degree stemming from two armed robberies of convenience stores in December 2012. He was sentenced to an aggregate prison term of 10 years, to be followed by five years of postrelease supervision, and now appeals.
During the plea colloquy with regard to count one, defendant denied that the pistol he displayed was loaded, raising an affirmative defense to that charge (see Penal Law § 160.15 [4]). As *994 the People concede, County Court erred in accepting this guilty plea without making further inquiry to ascertain whether he was aware of this potential defense and was waiving it voluntarily, intelligently and knowingly (see People v McEaddy, 20 AD3d 585, 585-586 [2005]; see also People v Wolcott, 27 AD3d 774, 775 [2006]; People v La Voie, 304 AD2d 857, 857-858 [2003]). Although defendant did not preserve this challenge by moving to withdraw his plea, the narrow exception to the preservation requirement is applicable as his denial that the gun was loaded cast doubt on his guilt of the crime charged, triggering a duty on the court “to inquire further to ensure that [his] guilty plea is knowing and voluntary” (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Tyrell, 22 NY3d 359, 363-364 [2013]). Because this was an integrated plea agreement, the convictions on both charges must be reversed (see People v Carroll, 61 AD3d 1273, 1274 [2009]; People v Ortega, 53 AD3d 696, 697 [2008]; People v Wolcott, 27 AD3d at 775-776).
Lahtinen, J.E, McCarthy, Rose and Lynch, JJ., concur.
Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court’s decision.