People v White (2018 NY Slip Op 00357)





People v White


2018 NY Slip Op 00357


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

107881

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RAYMOND C. WHITE, Appellant.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Susan Patnode, Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant, and appellant pro se.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered April 1, 2015, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree (two counts), attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree.
In June 2014, defendant was indicted and charged with attempted murder in the second degree, criminal use of a firearm in the first degree (two counts), attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree. The charges stemmed from an incident
in a store parking lot where defendant, armed with a shotgun, shot at close range a man who defendant believed was romantically involved with his ex-wife. On the morning that jury selection was to begin, defendant, who had rejected a prior plea offer, elected to plead guilty to the entire indictment with the understanding that his aggregate prison sentence would be capped at 20 years with five years of postrelease supervision. Based upon defendant's representation that he was unable to recall the incident in question, County Court permitted defendant to enter an Alford plea and adjourned the matter for sentencing. Defendant thereafter was sentenced to an aggregate prison term of 18 years followed by five years of postrelease supervision. Defendant now appeals.
Defendant primarily contends that his plea was involuntary because County Court failed to expressly explore defendant's awareness of a particular potential defense (extreme emotional disturbance) and inaccurately stated defendant's potential sentencing exposure, thus demonstrating that his resulting plea was coerced. Absent evidence of an appropriate postallocution motion, however, defendant's challenge to the voluntariness of his plea is unpreserved for our review (see People v Lobaton, 140 AD3d 1534, 1535 [2016], lv denied 28 NY3d 972 [2016]; People v Pitcher, 126 AD3d 1471, 1472 [2015], lv denied 25 NY3d 1169 [2015]; People v Dozier, 59 AD3d 987, 987 [2009], lv denied 12 NY3d 815 [2009]). While the narrow exception to the preservation requirement is triggered when, during the course of the plea colloquy, the defendant makes statements that negate an element of the charged crime(s) or otherwise are inconsistent with or cast doubt upon his or her guilt (see People v Lopez, 71 NY2d 662, 666 [1998]; People v Green, 141 AD3d 837, 838 [2016]), defendant made no such statements here (see People v Riddick, 40 AD3d 1259, 1260 [2007], lvs denied 9 NY3d 925, 926 [2007]). Similarly, while such exception also will arise if the defendant's statements implicate a potential defense and the court, in turn, "fails to conduct a further inquiry to ensure that [the] defendant is aware of the defense and that the plea is knowing and voluntary" (People v Ortega, 53 AD3d 696, 696-697 [2008]; see People v Wolcott, 27 AD3d 775, 775 [2006]), nothing on the face of the plea colloquy "raised the possibility of a viable extreme emotional disturbance defense" (People v Davoy,
142 AD3d 1301, 1302 [2016] [internal quotation marks, brackets and citation omitted], lv denied 28 NY3d 1144 [2017]; see People v Ross, 52 AD3d 624, 624 [2008], lv denied 11 NY3d 741 [2008]; cf. People v Vogt, 150 AD3d 1704, 1705 [2017]; People v Bishop, 115 AD3d 1243, 1244 [2014], lv denied 23 NY3d 1018 [2014]; People v Hart, 114 AD3d 1273, 1273 [2014], lv denied 23 NY3d 963 [2014]; compare People v Peterson, 124 AD3d 993, 993-994 [2015]; People v Robinson, 71 AD3d 1169, 1170 [2010]; People v Mobley, 68 AD3d 786, 786 [2009]; People v Rhodes, 62 AD3d 815, 817 [2009]; People v Wolcott, 27 AD3d at 775). As there was no basis for further inquiry by County Court, defendant's challenge to the voluntariness of his plea does not fall within the narrow exception to the preservation requirement (see People v Bishop, 115 AD3d at 1244; People v Hart, 114 AD3d at 1273; People v Ross, 52 AD3d at 624).
Defendant's ineffective assistance of counsel claim — raised in his pro se brief — also is unpreserved for our review (see People v Davis, 150 AD3d 1396, 1397 [2017], lv denied 30 NY3d 1018 [2017]; People v Simmons, 129 AD3d 1200, 1201 [2015], lv denied 27 NY3d 1075 [2016]), and we decline his invitation to take corrective action in the interest of justice. Finally, defendant's assertion that the sentence imposed was harsh and excessive has been examined and found to be lacking in merit (see People v Hawkins, 130 AD3d 1298, 1305 [2015], lv denied 26 NY3d 968 [2015]).
McCarthy, J.P., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.