People v Daniels (2018 NY Slip Op 02094)





People v Daniels


2018 NY Slip Op 02094


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


390 KA 16-01377

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY D. DANIELS, DEFENDANT-APPELLANT. 






AARON P. MICHEAU, WEBSTER, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered February 19, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Jefferson County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). During the plea colloquy, defendant admitted to possessing cocaine with the intent to sell, but he denied that he sold the cocaine. After County Court stated that it would not accept his plea, it again asked defendant whether he sold the cocaine, and defendant answered "yes." Defendant informed that court, however, that he was pleading guilty only because he could "no longer go forward to proceed to trial with the level of corruption and maliciousness being used to prosecute" him. The court nevertheless accepted his plea.
Although defendant never moved to withdraw his guilty plea, this case falls within the exception to the preservation requirement that was carved out by the Court of Appeals in People v Lopez (71 NY2d 662, 666 [1988]), which permits appellate review of the sufficiency of a plea allocution despite the absence of such a motion, where the recitation of facts elicited during the plea allocution "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea." Under such circumstances, if the court fails to conduct "further inquiry to ensure that [the] defendant understands the nature of the charge and that the plea is intelligently entered . . . , the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made" (id.).
Here, defendant's statements throughout the plea proceeding called his guilt into question and suggested that his plea was not voluntary. After defendant denied selling the cocaine, the court did not conduct any further inquiry other than to reiterate that, without an admission of guilt, there could be no plea. Indeed, the court "failed to inform defendant that, if what he said was true, he was not guilty of the crime charged and to ask him whether, under those circumstances, he still wished to plead guilty" (People v Davis, 176 AD2d 1236, 1237 [4th Dept 1991]). Moreover, the court failed to make any further inquiry into defendant's statement that he believed that he was being compelled to plead guilty. Thus, considering the plea allocution as a whole, we conclude that the court failed to ensure that the plea was knowing, intelligent and voluntary (see People v Aleman, 43 AD3d 756, 757 [1st Dept 2007]). We therefore reverse the judgment, vacate defendant's plea, and remit the matter to County Court for further proceedings on the indictment.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court