People v Dancy (2019 NY Slip Op 08574)





People v Dancy


2019 NY Slip Op 08574


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-08576
2018-12578

[*1]The People of the State of New York, respondent,
v
Eric Dancy, appellant. (Ind. Nos. 4311/13, 4737/13)


Paul Skip Laisure, New York, NY (Leila Hull of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Jayhoun Rezai of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (William Harrington, J.), both rendered October 9, 2015, convicting him of criminal sexual act in the first degree (two counts) under Indictment No. 4311/13 and criminal sexual act in the first degree (two counts) under Indictment No. 4737/13, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant was charged, under Indictment No. 4311/13, with, inter alia, predatory sexual assault and rape in the first degree based on allegations that he assaulted and raped a woman on February 2, 2013. He was also charged, under Indictment No. 4737/13, with, among other things, predatory sexual assault and rape in the first degree based on allegations that he assaulted and raped another woman on May 12, 2013. By order dated May 5, 2014, the Supreme Court, inter alia, granted the People's motion to consolidate the indictments. Thereafter, by order dated April 24, 2015, the court granted the defendant's motion to sever the two indictments.
On September 28, 2015, the defendant pleaded guilty to criminal sexual act in the first degree (two counts) under Indictment No. 4311/13 and criminal sexual act in the first degree (two counts) under Indictment No. 4737/13, in satisfaction of both indictments.
On appeal, the defendant contends that his pleas of guilty are invalid because during the allocution the Supreme Court referred to Indictment No. 4737/13 as "Indictment Number 4311B." This contention is not preserved for appellate review (see People v Williams, 27 NY3d 212, 214; People v Ellis, 142 AD3d 509, 510). In any event, it is without merit. The defendant knowingly, voluntarily, and intelligently pleaded guilty to the elements of the subject charges under two valid indictments (see People v Conceicao, 26 NY3d 375, 383; People v Harris, 61 NY2d 9, 19). Contrary to the defendant's contention, the misnomer by the court, when it referred to Indictment No. 4737/13 as "Indictment Number 4311B," did not create a jurisdictional defect (see People v Bishop, 115 AD3d 1243, 1244; cf. People v Iannone, 45 NY2d 589, 600; see generally People v Rodriguez, 97 AD3d 246).
The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d 248, 256; People v Carter, 168 AD3d 873).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of his constitutional right to a speedy trial is unpreserved for appellate review (see People v Morales, 171 AD3d 945, 948; People v Price, 150 AD3d 1153; People v Worthy, 138 AD3d 1042, 1043) and, in any event, without merit (see People v Wiggins, 31 NY3d 1, 9-10; People v Decker, 13 NY3d 12, 14-15).
The defendant's contention, raised in his pro se supplemental brief, that his plea of guilty was coerced is unpreserved for appellate review, and, in any event, without merit (see People v Rivera, 33 AD3d 942).
The defendant's remaining contention, also raised in his pro se supplemental brief, is based on matter dehors the record and, thus, cannot be reviewed on direct appeal.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court